UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14-cv-00003-RJC

| | |
|---|---|
| JOHNATHAN HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, (Doc. No. 23); memorandum in support of his motion, (Doc. No. 24), Defendant's response in opposition to Plaintiff's motion, (Doc. No. 25); and Plaintiff's reply in support of his motion, (Doc. No. 26). The motion is fully briefed and ripe for adjudication.

EAJA provides that the prevailing party in a civil action against the United States is entitled to attorneys' fees when the United States' position was not substantially justified and there are no special circumstances making an award unjust. 28 U.S.C. § 2412(d)(1)(A). Plaintiff is the prevailing party in this litigation. When the Court remands under Sentence Four of 42 U.S.C. § 405(g), the plaintiff is the prevailing party. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The Commissioner has the burden of showing that her position was substantially justified. United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013). Substantial justification does not require the Commissioner's position to be correct, but such a position may be substantially justified if a reasonable person could think it correct. See Pierce v. Underwood, 487 U.S. 552, 566

n.2 (1988). A claim for attorneys' fees may be defeated by the Commissioner by showing that her position had a reasonable basis in both law and fact. Id. at 565–66.

To determine whether the Commissioner's position in a case was substantially justified, the Court must "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [Commissioner] acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). In making this determination, "it is appropriate to consider the reasonable overall objectives of the [Commissioner] and the extent to which [her position] departed from them. Id.

Here, this Court ruled in favor of the Commissioner, denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment. (Doc. No. 13). Yet, upon appeal, the Fourth Circuit affirmed in part and reversed in part this Court's decision, (Doc. No. 19), leading to this Court entering an order reversing the Commissioner's decision and remanding the matter to the Commissioner for further proceedings, (Doc. No. 21). Plaintiff appealed on three grounds. On the first two, the Fourth Circuit affirmed this Court and the Commissioner's decision. But, on the third ground, relating to the resolution of conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles (the "Dictionary"), the Fourth Circuit reversed and remanded based on the Fourth Circuit's recent ruling in Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015), which was decided after this Court's decision, the Commissioner's decision, and the filing of the Commissioner's appellate brief. For this reason, Defendant argues its position was substantially justified.

Plaintiff contends that the basis of the Fourth Circuit's decision was Social Security Ruling ("SSR") 00-4p[1] and the Administrative Law Judge's error was a violation of that Ruling. Although correct, that presentation fails to paint the whole picture. In Pearson, the Fourth Circuit interpreted SSR 00-4p, holding that the "ALJ independently must identify conflicts between the expert's testimony and the Dictionary." Id. at 209. Specifically at issue in Pearson was "whether SSR 00-4p requires the ALJ only to ask the vocational expert whether his testimony conflicts with the Dictionary or also requires the ALJ to identify conflicts independently from the vocational expert." Id. at 208. While SSR 00-4p may have been the basis for the Fourth Circuit's holding in Pearson, such an interpretation had not been articulated by the Fourth Circuit until Pearson, and SSR 00-4p did not alone make clear an ALJ's independent obligation to identify and resolve conflicts with the Dictionary as explained in Pearson.

Because the Commissioner did not have the benefit of Pearson at any stage in the litigation, this Court finds that the Commissioner acted reasonably and her position was substantially justified. For these reasons and for the additional reasons stated in Defendant's memorandum in opposition to the motion, Plaintiff's Motion for Attorney Fees is **DENIED**.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, (Doc. No. 23), is **DENIED**.

Signed: August 13, 2017

Robert J. Conrad, Jr.
United States District Judge

---

[1] In relevant part, SSR 00-4p states that an ALJ must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary."